# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 13-00264-TLM |
| RICKS, THOMAS MECHAM, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| THOMAS M. RICKS, an individual, ) | |
| ) | |
| Plaintiff-Counter Defendant, ) | |
| ) | |
| v. ) | Adv. No. 13-06038-TLM |
| ) | |
| JOHN WOOD, an individual; PARK ) | |
| HAMPTON LLC, an Idaho limited ) | |
| liability company, and DOES I-X, ) | |
| ) | |
| Defendants and Counterclaimants. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION

Thomas M. Ricks ("Plaintiff") moved for an order compelling John Wood and Park Hampton LLC ("Defendants") to comply with certain requests for production ("RFP"). Doc. No. 54 ("Motion"). Discovery disputes, such as these, are governed by the Federal Rules of Civil Procedure, incorporated in this adversary proceeding by the Federal Rules of Bankruptcy Procedure, and this

MEMORANDUM OF DECISION - 1

Court's local rules.[1] This Court's prerequisites to bringing the Motion have been satisfied. *See* LBR 7037.1.

Following a June 15, 2015 hearing, and review of the parties' submissions and arguments, the Court finds the Motion is well-taken and will be granted.

**ANALYSIS**

A motion to compel is authorized by Civil Rule 37, incorporated by Bankruptcy Rule 7037.[2] Here, the Motion falls under Civil Rule 37(a)(3)(B)(iv). Plaintiff requests that this Court compel Defendants to respond to RFP Nos. 18, 19, 20, 21, 22, 23, and 25.

The party seeking to compel has the burden of establishing that the request satisfies the relevancy requirements of Civil Rule 26(b)(1). Under that rule, relevance is construed broadly to include any matter that bears on, or could reasonably lead to the discovery of, admissible evidence. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978); *see also Hickman v. Taylor*, 329 U.S. 495, 506–07 (1947) (relevance includes information that might reasonably assist a party in evaluating the case, preparing for trial, or facilitating settlement). The Court has broad discretion to determine relevancy for discovery purposes. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *Volk v. D.A. Davidson & Co.*, 816

---

[1] The Court will refer to these as the "Civil Rules" and "Bankruptcy Rules" and "LBRs."

[2] Each of the other Civil Rules discussed in this Decision are incorporated by similar adversary rules. *See* Bankruptcy Rules 7026, 7034, 7037. For ease of reading, the Court will hereafter cite only the relevant Civil Rule.

MEMORANDUM OF DECISION - 2

F.2d 1406, 1416–17 (9th Cir. 1987). If the proponent meets that burden, the party who resists discovery has the burden to show the discovery should not be allowed, and of clarifying, explaining, and supporting its objections. *Kaur v. City of Lodi*, 2015 WL 1240842, at *2 (E.D. Cal. Mar. 16, 2015) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)); *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002).

### A.    Request for Production Nos. 18–23

#### 1.    Requests

RFP Nos.18–23 call for Defendants to produce various tax documents. RFP No. 18 requests Park Hampton, LLC's redacted federal and state tax returns for 2013, and any preliminary filings or extension requests relating to it, concerning the Hazen Property. RFP No. 19 requests Wood produce his own redacted federal and state tax returns for 2013, as well as any preliminary filings or extension requests relating to it, concerning the Hazen Property.

RFP Nos. 20, 21, 22 and 23 request Wood's redacted state and federal tax returns for the years 2005 to present relating to rents, expenses, and/or income reported in reference to properties at 3850 Flint Drive, 3468 Flint Drive, 312 Park Lane, and 3390 Flint Drive, respectively.

#### 2.    Objections

Defendants provided an identical response to these RFP:

Defendants object that the documents requested are not reasonably

MEMORANDUM OF DECISION - 3

> calculated to lead to the discovery of admissible evidence. Rather it is calculated in violation of Rule 9011(a) to pursue an "improper purpose" such as embarrass, harass, and otherwise increase the cost of litigation. Plaintiff holds no judgment against Defendants such [*sic*] the Defendants' income, assets, and other financial information have nothing to do with this lawsuit.

The first and last sentences appear to assert a relevance objection. *See* Civil Rule 26(b)(1). The intervening sentence seems to allude to grounds for a protective order. *See* Civil Rule 26(c)(1) (protecting parties upon motion from "annoyance, embarrassment, oppression, or undue burden or expense").

Later, in a response to the Motion, Defendants argued there were "no tax return documents responsive to those requests for production." Doc. No. 61.

### 3. Resolution

Defendants' identical relevance objections to RFP Nos. 18–23 are unpersuasive. Documents of the type requested could conceivably address, bear on, and/or relate to issues in the case, or lead to other admissible evidence. And that there was no preceding "judgment" in favor of Plaintiff is not shown to be an adequate reason for the refusal to produce. Given the language of Civil Rule 26(b)(1) and the authorities supporting broad construction of the same, the relevance objections are not well taken and will be overruled.

The other argument regarding these requests is that all these RFP are designed to harass or embarrass or are advanced for an "improper purpose" in violation of Bankruptcy Rule 9011. However Defendants did not seek a

MEMORANDUM OF DECISION - 4

protective order, nor did they file a Bankruptcy Rule 9011 motion. That was their choice. But, in raising those issues in their opposition to production, Defendants were required to support their arguments. They did not adequately or persuasively do so. That objection to the Motion will also be overruled.[3]

Plaintiff's Motion will be granted as to RFP Nos. 18–23.

### B.     Request for Production No. 25

#### 1.     Request

RFP No. 25 asks for redacted copies of all pleadings, disclosures, affidavits, petitions, and sworn statements filed in Wood's divorce proceeding in California related to the Hazen Property, and those properties located on Flint Drive and Park Lane, as well as Ada County Tax Parcel No. 1, for the period January 1, 2005, to present.

#### 2.     Objections

Defendants' response to RFP No. 25 reiterates the relevance and improper purpose objections described above. It then states:

> No such documents exist because the divorce decree terminating the marriage was filed and granted on 1/30/03 such that there were no issues in the divorce related to any of the properties listed above which interests were acquired after the divorce decree.

---

[3] In the response to the Motion, Doc. No. 61, Defendants alleged there were no tax documents "responsive to the request." That was premised on an affidavit of Wood that Defendants attempted to file under seal. The Court denied the sealing request. Defendants did not thereafter file the so-called "second affidavit" of record, and the Court therefore will not consider it. Defendants made no evidentiary showing at hearing to support the alleged non-existence of responsive documents.

MEMORANDUM OF DECISION - 5

Defendants' later reply to the Motion states that "Wood's marriage was dissolved effective January 30, 2003[,] long before Wood had any dealings with Ricks related to any of the properties at issue in this adversary. There are no documents responsive to Request for Production No. 25." Doc. No. 61 (also referencing Wood's affidavit). And, at hearing, Defendants asserted the additional argument that the pleadings in the divorce are publicly available, and Defendants should not have to bear the expense of accessing them from the California courts.

### 3. Resolution

Defendants' relevance and improper purpose objections are identical to those asserted in response to RFP 18–23. They will be overruled for the same reasons articulated above.

Defendants' response to this RFP also asserted that, given the 2003 date of the divorce decree and the acquisition of the real properties at issue years later, there could be no responsive documents. However, Wood's affidavit supporting that contention also notes the divorce litigation continued through 2013. The affidavit also says there were "no *issues* relating to any Idaho properties" in the divorce litigation. Doc. No. 60 at 2 (emphasis added). But this does not unequivocally state there were no documents relating to (mentioning, referencing or addressing) those properties as called for in the RFP. That matters relating to Wood's assets, liabilities, income and expenses might have been raised or

MEMORANDUM OF DECISION - 6

addressed during the decade-long course of the divorce-related litigation is not an unreasonable supposition. The RFP requests only certain documents in the divorce action that "relate" to the properties during given time frames.[4] Defendants' objection based on the ground that the property was acquired after the 2003 divorce will be overruled.

Defendants also asserted a new argument at hearing—that the divorce pleadings are publicly available and therefore Defendants should not be required to bear the expense of accessing those pleadings from the California courts. Civil Rule 34(a)(1)(A) requires production of documents in one's "possession, custody, or control." Even though Wood contends he has no divorce documents in his possession, that does not resolve matters. "Control is defined as the legal right to obtain documents upon demand." *U.S. v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). Actual possession is not required; "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document[.]" *Hill v. Asset Acceptance, LLC*, 2014 WL 3014945, at *2 (S.D. Cal. Jul 3, 2014) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995)).

And the fact that the documents are available from the court is not an

---

[4] The RFP asks for redacted copies of "pleadings, disclosures, affidavits, petitions, [and] sworn statements filed" in Wood's divorce proceeding that relate to the properties. Given the context of the pending litigation, the Court views this request as limited to those documents "filed" by Wood.

MEMORANDUM OF DECISION - 7

adequate justification for nonproduction.

> Defendant's additional objection that court records are publicly available to plaintiff is not persuasive. *See Thomas v. Hickman*, 2007 WL 4302974, *19 (E.D. Cal. Dec. 6, 2007) (stating that "the fact that some of the documents might be possessed by Plaintiff or be available to Plaintiff or the public is not a basis for refusing to produce documents that are otherwise discoverable") (citing 6 James Wm. Moore et al., Moore's Federal Practice, § 26.41[13] 3d ed. 2006 and *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624, 625 (S.D. Fla. 1977)); *see also Bretana v. International Collection Corp.*, 2008 WL 4334710, *5–6 (N.D. Cal. Sept. 22, 2008) (stating that defendant can not validly object to producing discovery because the information is contained in public records available to all parties) (citing *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) ("It is 'not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.'" (citation omitted)).

*Id.* at *7.

Therefore, this last objection will likewise be overruled. Plaintiff's Motion will be granted in all regards.

### C. Consequences of granting the Motion

Civil Rule 37(a)(5)(A) explicitly provides that, if a motion to compel is granted, the Court must, after affording an opportunity to be heard, order the resisting party to pay the movant's reasonable costs and attorneys' fees incurred in making the motion.[5] Defendants will be ordered to pay the reasonable fees and costs incurred by Plaintiff in making and prosecuting the Motion. Plaintiff's

---

[5] The three exceptions to this requirement, described in Civil Rule 37(a)(5)(A)(i), (ii) and (iii) are inapplicable.

MEMORANDUM OF DECISION - 8

attorney will submit, within 14 days of the order entered on this Decision, a detailed statement of the attorneys' fees and costs claimed. Defendants shall have 7 days thereafter to reply to Plaintiff's submission. Upon the filing of that reply, the Court will take the award under consideration and resolve it without a hearing.

**CONCLUSION**

Plaintiff's Motion shall be granted. An order consistent with the foregoing Decision will be entered by the Court.

DATED: June 24, 2015

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 9